FILED
SUPERIOR COURT
OF GUAM

2018 JAN -2 AM 9: 42

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT
# OF GUAM

PEOPLE OF GUAM,

               Plaintiff,

     vs.

ALBERT SANTOS
JEREMIAH ISEZAKI
PETER GINES,

               Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Criminal Case No. CF0330-17

**DECISION & ORDER**

## INTRODUCTION

This matter is before the Honorable Michael J. Bordallo on Defendant Jeremiah Isezaki's Motion to Dismiss Conspiracy Charges. Defendant Jeremiah Isezaki is represented by Attorney F. Randall Cunliffe. Defendant Peter Gines is represented by Attorney Samuel Teker. Defendant Albert Santos is represented by Attorney William Pole. The People of Guam are represented by Assistant Attorney General Jeremy Kemper. Having reviewed and considered the moving papers, arguments, record and applicable law, the Court issues the following Decision and Order denying Defendant Isezaki's motion.

## BACKGROUND

This matter arises out of a Magistrate Complaint filed by the People on June 9, 2017, followed by an Indictment on June 16, 2016. The People filed a Superseding Indictment on August 8, 2017. Defendant Isezaki filed the present Motion to Dismiss Conspiracy Charges on October 26, 2017. Defendant Gines joined Defendant Santos's motion on October 31, 2017.

ORIGINAL

The People filed an Opposition in response to the motion on November 13, 2017, and Defendant Santos filed a Reply on November 15, 2017.

## ISSUE

1. Whether the Superseding Indictment is multiplicitous, thereby requiring the Court to dismiss certain charges.

## FACTS

1. On March 29, 2017, while in custody at the Department of Corrections, Victim Justin Meno (the "Victim") suffered injuries in an attack. Consequently, the Victim received treatment at the Guam Memorial Hostpital ("Hospital") and was transferred to the Barrigada Heights skilled nursing unit ("SNU").

2. The grand jury indicted Defendants Albert Santos II, Jeremiah Isezaki, and Peter Gines on numerous charges, including Attempted Murder and Aggravated Assault.

3. Defendants Isezaki and Gines are each charged with Conspiracy to Commit Murder, Conspiracy to Commit Aggravated Assault, and Conspiracy to Commit Assault.

4. The Victim passed away on September 11, 2017.

## PRINCIPLES OF LAW

### Indictment and Multiplicity

"The Government is the master of the form of indictment that issues." U.S. v. Rocco, 397 F.Supp. 655, 657 (D. Mass. 1975). Guam law allows the Government to charge a Defendant with multiple offenses.

> Two (2) or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.

8 G.C.A. § 55.35. However, the "rule against multiplicity prohibits the charging of a single offense in several counts and is intended to prevent multiple punishments for the same act. U.S. v. Hurt, 795 F.2d 765 (9th Cir. 1986) (citing U.S. v. UCO Oil Co., 546 F.2d 833, 835 (9th Cir. 19760). Additionally, the government has the right to charge lesser included offenses in an indictment "to allow for contingencies in proof." Sutton v. U.S., 434 F.2d 462, 473 (D.C. Cir. 1970); see also Butle v. U.S., 387 F.Supp. 1375, 1379 (D. R.I. 1975) (explaining that an indictment is not defective if it charges three offenses when two of them are lesser included offenses of the first); see also People v. Cummins, 2010 Guam 19 ¶ 13 (explaining that when the government charges a lesser-included offense independently, the all-or-nothing doctrine is not invoked). With respect to charges of conspiracy, "the government may allege a single conspiracy in several counts to meet the uncertainties of evidence." U.S. v. Abascal, 564 F.2d 821, 832 (9th Cir. 1977).[1] Further, the decision to seek a multi-count indictment instead of a single count that incorporates the lesser included offense is left to the prosecuting attorney. See U.S. v. Rocco, 397 F.Supp. at 657.

## ANALYSIS

Defendant Isezaki moves this Court to order the Government to elect one of the three conspiracy charges against him and dismiss the others, arguing that the indictment is multiplicitous. The Court finds that the Government has not charged Defendant Isezaki with a single offense multiple times. Additionally, the Court determines that the indictment does not subject Defendant Isezaki to multiple punishments. Rather, the Court finds that the

---

[1] The Abascal court cited U.S. v. McKnight, 253 F.2d 817 (2d Cir. 1958), for the proposition that a conspiracy may be charged in several counts. The McKnight court quoted Forth Circuit Chief Judge Parker, who explained "If the evidence showed that there was only one conspiracy, the judge would impose only one punishment; but this is no reason for requiring dismissal of one of the counts in the early stages of the case; and parties should not be allowed thus to try their case in advance and by piecemeal." U.S. v. Maryland State Licensed Beverage Ass'n., 240 F.2d 420, 421 (4th Cir. 1957).

Government has charged Defendant Isezaki with a single offense (i.e. conspiracy to commit murder) once and included the lesser included offenses in the indictment. The Government has the ability to craft indictments in the manner it sees fit, and can charge lesser included offenses independently. The Fifth Amendment protection against Double Jeopardy, however, is a safeguard and prohibition against the imposition of multiple punishments for a single act. The Court finds that the indictment does not violate Defendant Isezaki's Fifth Amendment protection.

At this stage in the criminal proceedings, the Court determines that it is premature and unnecessary to dismiss the lesser included conspiracy charges against Defendant Isezaki. The Court is cognizant of the implications inherent in an indictment that charges lesser included offenses separately, and will instruct the jury accordingly.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court DENIES Defendant Jeremiah Isezaki's Motion to Dismiss Conspiracy Charges.

SO ORDERED, this ___2___ day of _____ 20___

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of;
1) William Palobr-Cumple
2) AAGS
Date: 1/2/18   Time: 10:00 hr

Deputy Clerk, Superior Court of Guam